[The following opinions having been held by the court for further consideration, upon petitions for rehearing, they could not be published with other opinions of the terms at which they were severally filed.— REPORTER.]

## JAMES N. PIDCOCK, Appellant, v. HENRY VOORHIES *et al*, Appellees.

**Debtor and Creditor:** ACCOUNTS: EVIDENCE. A statement of an account, attached as an exhibit to a deposition, of which there is no evidence as to the book from which it was copied, by whom it was kept, when the entries were made therein, whether they are believed to be true, nor whether the exhibit is a correct copy of the book entries from which it purports to have been taken, is not admissible in evidence as proof of an indebtedness on the part of the person against whom the charges therein purport to have been made.

### UPON REHEARING.

**Fraudulent Conveyances:** RIGHTS OF CREDITORS: EVIDENCE OF INDEBTEDNESS. · Where, in an action to set aside a conveyance of real estate as fraudulent as against creditors, it was incumbent upon the plaintiff to show an indebtedness to him from the alleged fraudulent grantor at the time of said conveyance, *held,* that proof of an open account against said grantor, commencing at a date prior to said conveyance, and showing almost daily debits and credits to a date subsequent thereto, but not disclosing the amount of the indebtedness at any time up to the date of certain notes given by the defendant in settlement subsequent to said conveyance, was not sufficient to establish such prior indebtedness of the defendant, though the plaintiff testified that before the notes were given, and at other times, there were arrearages upon the account against said defendant.

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

FRIDAY, JUNE 7, 1889.

MARCH 4, 1882, the defendant, Henry Voorhies, was the owner of certain lands in Cass county, and on

VOL. 84—45 (705)

that day he conveyed the same to his son, John N. Voorhies. November 3, 1883, John N. Voorhies conveyed the lands to Lucas A. Voorhies, a brother of Henry. April 11, 1885, Lucas A. Voorhies conveyed the lands to Martha E. Allen. Henry, John N. and Lucas A. Voorhies and Martha E. Allen are defendants in this suit. April 14, 1885, the plaintiff recovered in the district court of Cass county, Iowa a judgment against the defendant, Henry Voorhies, for seventy-seven hundred and thirty-five dollars and twenty-eight cents, and this action is to set aside the several conveyances above set forth, and to subject the lands to the payment of said judgment, on the alleged ground of their being fraudulent as against creditors. In the district court a decree was entered, from which both parties appeal. Upon plaintiff's appeal, *affirmed;* upon defendants' appeal, *reversed.*

*L. L. DeLano* and *J. J. Dolan,* for plaintiff.

*James E. Bruce* and *Willard & Willard,* for defendants.

GRANGER, J.—The conveyance of the land by Henry Voorhies, the judgment debtor of the plaintiff, was made March 2, 1882, and the defendants insist that the case affords no proofs upon which it can be found that at that time Henry Voorhies was indebted to the plaintiff. If the defendants' claim in this respect is supported by the record, it is of course useless to consider other questions, as under that state of facts the plaintiff could not have been prejudiced by the transfer. The burden is with the plaintiff, not only to show the fraudulent transfers of the land, but that at the time he was a creditor, and affected thereby.

The only evidence we find in the record, in any manner tending to show when the indebtedness arose, is that of the plaintiff, and the judgment record in

Cass county. The judgment in Cass county is based on a judgment roll from New Jersey, showing that the evidence of indebtedness was two promissory notes, one given August 27 and the other September 23, 1884. The judgment record furnishes no evidence of indebtedness prior to August 27, 1884. The testimony of the plaintiff is brief, and is to the effect that his individual dealings with Henry Voorhies commenced in 1881, and extended to December 2, 1884. He says: "During the years 1881–1882, he (Voorhies) was located at Pittsburgh, Pennsylvania, and other places, and bought live stock, which he shipped to me; and I also sold on commission for him. He drew drafts on me which I accepted and paid and charged to him, and would then credit him with the net proceeds of the live stock sold. The stock was sold at Jersey City and White House Station, N. J. Henry Voorhies' indebtedness began in October, 1881, and included transactions to December 2, 1884, as per statement of account hereto attached, marked exhibit "A," and finally culminated in the judgment I now hold against him in Cass county, Iowa. He allowed notes to be protested, and renewals were made from time to time, and the old notes returned to him."

Omitting the "statement of account" referred to in the testimony, and there is nothing on which a finding can reasonably be based, that there was an indebtedness in March, 1882. The most that can be said is, that Henry Voorhies was then sending to the plaintiff live stock to be sold on commission; drawing drafts on the plaintiff which were charged to him, and receiving credit for stock received. It was a debit and credit account. It is quite evident that the statements of the plaintiff are based on the "statement of account," which is designated as exhibit "A" to his deposition. The exhibit was below objected to as incompetent and immaterial, as no proper foundation had been laid, and it was not a proper subject of book account, and the

defendant urges such objection here.    Exhibit "A," as it appears in the abstract, is as follows:

"Henry Voorhies, in Account with J. N. Pidcock.

"Statement of account, commencing October 14, 1881," showing almost daily items of debit for "drafts" paid to "H. Voorhies" and to "F. Hershey" and to "H. V. per F. H." and "H. Voorhies note taken up at bank by J. N. Pidcock," etc; and items of credit, car of "sheep," "stock" from "Chicago" and "Cincinnati," "Covington" and other places, and "H. Voorhies" note given in settlement, etc.    The account shows December 22, 1881, the first "note given by H. Voorhies for the sum of three thousand, four hundred and forty-one dollars and fifty-nine cents, for three months in settlement."    This note is credited on that date, and is again entered on debit side of the account "March 29, 1882, H. Voorhies' note taken up at bank by J. N. Pidcock, three thousand, four hundred and ninety-four dollars and twenty one cents," and account is again credited on March 25, 1882, with a note of H. Voorhies, and so on, showing repeated entries of notes as above, at different times, and entries of items as above stated, showing large and almost daily dealings between the two parties until December 2, 1884, when the balance due, including notes from H. Voorhies to J. N. Pidcock is six thousand, three hundred and eighty-four dollars and eighty-seven cents, as shown by the said statement. This statement shows that on February 18, 1882, there was due plaintiff seven thousand, six hundred and sixty-six dollars and fifteen cents, besides a note given by Voorhies to the bank, which was taken up by the plaintiff March 29, 1882, of three thousand four hundred and ninety-four dollars and twenty one cents.

There is nothing in the record to show whose book account this exhibit is a copy of, by whom it was kept, when the entries were made therein, whether or not they are believed to be true, nor is there any compli-

ance with the provisions of the Code for the admission in evidence of a book of accounts, even if the book itself was offered. There is no proof that this exhibit is a correct copy of any book entries, or that it is in any manner connected with any fact or transaction to give it value as evidence. We are not advised in argument upon what theory it can be sustained as evidence. There is a seeming concession in argument that it would not be admissible to establish a disputed account for money claimed to have been paid out, and, if not admissible for that, we do not see its importance to the issue here. For the plaintiff to sustain his charge of fraud he must show himself a creditor of the defendant in March, 1882, and the fact is not susceptible of proof by evidence less direct and convincing than would justify a recovery for the debt. Waiving the statutory requirements for the admission of books of account in evidence, and this paper has no such identification as would justify its admission to establish any fact in legal proceedings.

The plaintiff urges that Henry Voorhies does not deny that the plaintiff advanced these sums of money, or that he is entitled to credits other than those shown in the statement. This is hardly sustained by the record. The answer generally, and also specifically, denies the advancements of money as claimed by the plaintiff and denies the fraud. If the argument has reference to the testimony of Henry Voorhies, it is sufficient to say that no such denial was necessary until there was competent proof to show the fact. It was not for him to disprove, but for the plaintiff to prove the fraud. As the exhibit is so clearly inadmissible on the ground of there being no foundation for its admission, it is unnecessary for us to pass upon the point urged of the facts not being proper subjects of book account.

With the failure of proofs to show an indebtedness at the time of the transfer of the land by Henry Voor-

hies to his son, John N. Voorhies, it is not necessary to consider other questions argued, and a judgment should be entered dismissing the plaintiff's petition as without merit. Upon the plaintiff's appeal, the judgment is AFFIRMED; upon that of the defendant, it is REVERSED.

WEDNESDAY, OCTOBER 21, 1891.

UPON REHEARING.

BECK, C. J.—I. A petition for rehearing was allowed in this case, and it has again been submitted upon arguments of counsel of both parties. The decree of the district court declared the conveyances void and set them aside, but gave one of the defendants a claim upon the land prior to the plaintiff's judgment. From this decree both the plaintiff and this defendant appeal. The defendant's appeal was not considered in the foregoing opinion, for the reason that the decree setting the conveyance aside rendered the consideration of the defendant's appeal unnecessary.

II. Upon a re-examination of the case, we are satisfied that the conclusion reached in the foregoing opinion is correct. If the account referred to in the opinion be considered, it fails to show an indebtedness prior to the first conveyance assailed by the plaintiff. It shows almost daily debits and credits. Now, it is a familiar rule that payments upon an open account are to be applied to the payment of debit items in the order of their dates. See *Bank v. Hollingsworth*, 78 Iowa, 575. The accounts and the other evidence of the plaintiff do not show the amount of the indebtedness at any time before the notes were given. We cannot presume that at any time prior to the execution of the deed for the land the indebtedness existed. But the debtor testifies that a long time before the notes were given, and at other times, there were arrearages upon the account against him; but it is not shown that the

payments upon the accounts under the rule just stated did not satisfy the arrearages. Indeed, it would appear from the character of the transactions, the amount of the business done, and the amount of the notes upon which the judgment was entered, that the indebtedness must have arisen after the deed in question was executed. We are authorized to infer that the payments—credits—made prior to the execution of the deed were sufficient to discharge the indebtedness then existing. We adhere to the foregoing opinion and the conclusions therein announced.